783 So.2d 566 (2001)
STATE of Louisiana
v.
Sam WILLIAMS.
No. 00-KA-1134.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2001.
John M. Crum, District Attorney, Rodney A. Brignac, Assistant District Attorney, Edgard, LA, Counsel for plaintiff-appellee.
Edward R. Greenlee, Louisiana Appellate Project, Baton Rouge, LA, Counsel for defendant-appellant.
*567 Court composed of Judges CANNELLA, GULOTTA, Pro Tempore, and GAUDIN, Pro Tempore.
H. CHARLES GAUDIN, J. Pro Tem.
Sam Williams was convicted by a jury of distribution of cocaine, LSA-R.S. 40:967(A)(1).
Thereafter, the State filed a multiple bill against defendant. He was sentenced on April 5, 2000 to 30 years at hard labor without parole, probation or suspension of sentence for the first five years of the sentence.
On appeal, Williams' only assignment of error is that the trial judge wrongly denied a defense challenge on juror Thomas Blatt.
Finding no reversible error, we affirm Williams' conviction.
Blatt, according to appellant, should have been excused because he was the victim of a burglary and that this case was still pending, being prosecuted by the same assistant district attorney who was prosecuting Williams. Williams contends that Blatt's relationship with the prosecutor was likely to hinder his (Blatt's) impartiality.
LSA-C.Cr.P. art. 797 provides that the defendant may challenge a juror for cause on the following pertinent grounds:
* * *
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence; [or]
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict.
The law does not require that a jury be composed of individuals who are totally unacquainted with the defendant, the prosecuting witness, the prosecuting attorney, and the witnesses who may testify at trial. Rather, the law requires that jurors be fair and unbiased. State v. Shelton, 377 So.2d 96, 102 (La.1979). The Louisiana Supreme Court succinctly summarized the law on the challenges for cause based on a relationship in State v. Anthony, 98-406 (La.4/11/00) p. 12, 776 So.2d 376, cert denied, ___ U.S. ___, 121 S.Ct. 320, 148 L.Ed.2d 258, (2000) as follows:
... [T]he mere relationship between the prospective juror and the district attorney does not ipso facto disqualify him from service. The defendant may only challenge the juror if his relationship is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict. The facts must reasonably lead to the conclusion that the relationship would influence the juror in arriving at a verdict. A challenge for cause should be granted, even if the juror declares an ability to remain impartial, when the juror's responses reveal facts from which bias, prejudice, or impartiality may be reasonably inferred.
[Internal citations omitted.]
The trial court is vested with broad discretion in ruling on challenges for cause and its ruling will only be reversed when a review of the voir dire record as a whole revels an abuse of discretion. State v. Anthony, supra; State v. Robertson, 92-2660 (La.1/14/94,) 630 So.2d 1278, 1281. Prejudice is presumed when a challenge *568 for cause is erroneously denied by the trial court and the defendant has exhausted this peremptory challenges. Id.
In the present case, Williams exhausted his peremptory challenges and, therefore, only needs to show that the trial court abused its discretion by denying his challenge for cause. During voir dire, it was discovered that Blatt's home had been burglarized less than one year ago and that the ADA prosecuting Williams was also the prosecutor in the burglary case. When specifically asked how he knew the ADA, Blatt replied, "Just a brief conversation for another case that's pending." He later explained, "I just spoke to him about the (burglary) case that's coming up as far as scheduling, I guess. I've been here twice before and I don't really know why I was here." When asked by the trial judge whether his acquaintance with the ADA would affect his ability to be fair and impartial in the present case, Blatt responded in the negative.
In State v. Anthony, supra, the Louisiana Supreme Court found no abuse of the trial court's discretion in denying defendant's challenge for cause where the prospective juror played in the district attorney's musical group and performed with the musical group three days a week. In addition, the prospective juror's parents had been robbed, tied up and pistolwhipped seven years earlier and the juror had two cars stolen from the front of his house. Defendant in the case was charged with first degree murder being accused of murdering three people during an armed robbery. Nonetheless, the prospective juror stated that he would be able to be fair and impartial.
There is nothing in the instant record indicating that Blatt could not be fair and impartial due to his acquaintance with the ADA. It is not reasonable to infer that the acquaintance would prevent Blatt from being fair and impartial.
Accordingly, the defendant's conviction and sentence are hereby affirmed.
AFFIRMED.